[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The issue presented is whether the defendant's motion to strike a products liability claim should be granted on the ground that the plaintiff was not injured by a product that the defendant actually sells.
FACTUAL BACKGROUND
On June 9, 1994, the plaintiffs, Edwin and Edith Kornblum, filed a three count complaint against the defendant, North Haven Enterprise, Inc. Edwin Kornblum seeks to recover for personal injuries that he sustained while filling the fuel tank of his automobile at a gasoline station owned and operated by the defendant. The complaint alleges that Kornblum was injured when "the overhead fitting to which the filler hose was attached gave way, causing the filler hose assembly to fall to the ground, and causing the plaintiff to fall backwards to the ground." Complaint, paragraph 4. Count one alleges that the defendant was negligent. Count two is an action for products liability and alleges that the defendant was "a `product seller' within the meaning [of] C.G.S. Section 52-572m(a)." Paragraph 9.
On June 30, 1994, the defendant filed a motion to strike count two on the ground that the defendant is not a "product CT Page 8858 seller" under the Connecticut Product Liability Act, General Statutes § 52-572m et seq. (CPLA). In the alternative, the defendant requests that the court strike count one of the complaint on the ground that the CPLA is the plaintiffs' exclusive remedy. The defendant also filed a memorandum in support of its motion to strike. On July 22, 1994, the plaintiffs filed a memorandum in opposition.
LEGAL DISCUSSION
In the defendant's memorandum in support of the motion to strike, it argues that the court should strike count two of the complaint on the ground that it fails to state a cause of action under the CPLA because count two does not allege that the defendant was a "product seller." Citing Arroyo v. UBEIndustries America, Inc., 9 Conn. L. Rptr. 25, 27 (April 28, 1993) (Langenbach, J.), the defendant argues that a products liability action may be brought against only a "product seller." The defendant contends that the complaint lacks an allegation that it sells the product that injured the plaintiff, an overhead fuel filler.
In the plaintiffs' memorandum in opposition to the motion to strike, they argue that the "product seller" does not have to sell the product that caused the injury. Citing General Statutes § 52-572m(b), the plaintiffs argue that a product liability claim is valid if the injury "is caused by the manner in which the defendant markets, installs or conveys to the public the product which it sells."
 "As used in this section and sections 52-240a, 52-240b, 52-572n
to 52-572q, inclusive, and 52-577a:
 (a) "Product seller" means any person or entity, . . . who is engaged in the business of selling such products whether the sale is for resale or for use or consumption. . . .
 (b) "Product liability claim" includes all claims or actions brought for personal injury . . . caused by the manufacturing, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labelling of any product.
General Statutes § 52-572m. CT Page 8859
Whether or not the defendant was a product seller is a question of law for the court. Burkert v. Petrol Plus ofNaugatuck, Inc., 216 Conn. 65, 72 (1990).
In the present case, count two of the complaint is insufficient as a matter of law because it fails to allege that the product which injured the plaintiff was a product that the defendant sells. While complaint alleges that the defendant was in the business of selling goods and services, including fuel, it does not allege that the defendant was a seller of the overhead fitting of the filler hose, the produce which the complaint alleges caused the plaintiff's injuries. Thus, count two fails to allege that the defendant is a product seller under the Connecticut Product Liability Act. Accordingly, the defendant's motion to strike count two of the complaint must be granted.
The defendant's alternative argument to strike count one is moot and will be denied.
CONCLUSION
Based on the foregoing, the defendant's Motion to Strike is granted as to Count Two of the complaint and denied as to Count One.